UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRY L. POCHERT, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No._____ |
| v. ) | |
| ) | |
| BLATT, HASENMILLER, ) | |
| LEIBSKER & MOORE, LLC ) | |
| and UNITED PROCESSING, INC., ) | |
| and CRAIG PALMER, ) | |
| ) | |
| DEFENDANTS. ) | |

## COMPLAINT

Plaintiff, Terry L. Pochert, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Blatt, Hasenmiller, Leibsker & Moore, LLC, United processing, Inc., and Craig Palmer. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/1 et. seq., and for abuse of process.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 42 U.S.C. 1983, and 28 U.S.C. §§ 1331, 1337, and 1367, as Defendants do business in the State of Illinois.

2. Venue in this District is proper under 28 U.S.C. § 1391(b) because Defendants' collection demands were received here, Defendants transact business here, and Defendants reside and transact business here.

## PARTIES

3. Plaintiff, Terry L. Pochert, ("Plaintiff"), is an individual and resident of DuPage County, Illinois, and a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Blatt, Hasenmiller, Leibsker, & Moore LLC ("Blatt") is a collection law firm headquartered in the city of Chicago, engaged as a "debt collector" as defined by and within the meaning of the FDCPA, § 1692a. Blatt is engaged in the business of collecting consumer debts in this State where it regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another, and whose principal purpose is the collection of delinquent consumer debts using the mails and telephone.

5. Defendant, United Processing, Inc., ("United") is a debt collector as defined by the FDCPA, 15 U.S.C § 1692a, and is located and does business within this District.

6. Defendant, Craig Palmer ("Palmer") is an agent and/or employee of United working as a debt collector defined by the FDCPA, 15 U.S.C § 1692a.

## FACTS COMMON TO ALL COUNTS

7. At some time in or around the year 2009, Plaintiff incurred a Citibank credit card debt for personal, family and/or household purposes, and thus Plaintiff incurred a debt ("alleged debt") as that term is understood under § 1692a(5).

8. Due to financial difficulties, Plaintiff could not afford to pay the alleged debt, and it thereafter went into default.

9. The alleged debt was thereafter assigned to Defendant Blatt for the purpose of collection from the Plaintiff.

10. In or around April, 2010, Defendant Blatt filed a lawsuit against Plaintiff in the Circuit Court of the Eighteenth Judicial Circuit, County of DuPage, under Case# 10 AR 1051, to collect the alleged debt. (Exhibit A, Complaint).

11. Defendant Blatt thereafter hired United to support efforts to collect the alleged debt from Plaintiff.

12. Defendant United has an Illinois Private Detective Agency License # 117001101.

13. In or around May, 2010, United, by and through Craig Palmer, using License # 117001101, executed a false Affidavit of Service ("Affidavit"). (Exhibit B, Affidavit).

14. Defendant Palmer falsely claimed that he had made substitute service on Plaintiff.

15. The Affidavit included a description of an individual named "Kim Williams", upon which a copy of the Summons/Complaint was allegedly served, that Defendant Palmer falsely stated was a member of Plaintiff's household.

16. The Affidavit falsely stated that 144 Hidden Pond Cir, Aurora, Illinois was Plaintiff's "usual place of abode", though Plaintiff never resided at said address, or was ever present at said address, at any time in her life.

17. Upon information and belief, Defendant Palmer falsely stated in the Affidavit that an individual who identified herself as "Kim Williams" was present at the address stated in the Affidavit, on the date and time stated in said Affidavit.

18. The Affidavit falsely stated that a copy of the Complaint and Summons, that was allegedly served upon Plaintiff, was sent to Plaintiff "at his/her usual place of abode."

19. On or around May 11, 2010, Defendant Palmer presented false testimony in the Circuit Court of the Eighteenth Judicial Circuit, County of DuPage, under Case# 10 AR 1051, when he filed the Affidavit claiming he had made substitute service on the Plaintiff.

20. A default judgment was entered against the Plaintiff as the result of the false testimony Defendants provided to the Court regarding service of process upon the Plaintiff. A copy of the judgment was not mailed to the Plaintiff at any time after the entry of the same. (Exhibit C, Default Judgment Order).

21. Defendants Palmer, United, and Blatt conspired to deprive Plaintiff of equal protection of the law, namely to deprive her of her due process right to proper notice of the lawsuit.

22. Neither United nor Palmer ever made personal service upon Plaintiff.

23. Defendant Palmer on behalf of United and Blatt made false statements in an attempt to enforce collection of a consumer debt.

24. Defendants United and Palmer's conduct went beyond merely being a messenger in serving legal process.

25. Rather, Defendants made false sworn written statements, and filed and presented said statements in Court in order to attempt to enforce and collect an alleged consumer debt.

26. Plaintiff only discovered that a default had been entered against her on May 12, 2010, when her employer began to garnish her wages in or around September, 2010.

27. Defendant Blatt executed false documents in effecting wage deduction from the Plaintiff, including executing a false wage deduction affidavit. (Exhibit D, Affidavit For Wage Deduction).

28. Plaintiff hired and paid counsel to attempt to vacate the default.

29. Plaintiff's counsel thereafter wrote to Blatt and provided Blatt with an affidavit executed by Plaintiff, refuting that she was ever served as was averred by Defendants, and counsel demanded that Blatt vacate the judgment and return Plaintiff's wages which had been deducted to date.

30. Blatt thereafter, on November 12, 2010, filed a Motion to Vacate Judgment and Quash. (Exhibit E, Motion).

31. The wrongfully entered judgment was vacated on December 2, 2010.

32. Plaintiff was without use of the money that was wrongfully garnished from her paycheck, until said money was returned to Plaintiff in December, 2010.

33. Upon information and belief, at the time Blatt hired United and its employee and/or agent Craig Palmer to support efforts to collect the alleged debt from Plaintiff, Blatt was aware of numerous instances in which consumers averred that they were not served with complaint and summons by United, though United had executed false affidavits stating that service had in fact been made on said consumers in lawsuits in which said consumers were Defendants.

34. As a debt collector, Blatt may be held vicariously liable for United and Palmer's collection activity. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000).

35. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I-FAIR DEBT COLLECTION PRACTICES ACT-DEFENDANTS BLATT, UNITED and PALMER

36. Plaintiff realleges and incorporates paragraphs 1-35 into this count.

37. Defendants acted as debt collectors, as defined by the FDCPA, with respect to Plaintiff.

38. Defendants United and Palmer regularly attempt to collect debts by assisting debt collection lawyers, like Blatt, in debt collection litigation.

39. Under 15 U.S.C. § 1692a(6)(D), any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt is not included as a debt collector but the language of 1692a(6)(D) extends the exemption to a person only "while serving or attempting to serve legal process." See *Romea v. Heiberger & Assocs.*, 163 F.3d 111 (2nd Cir. 1998); *Andrews v. S. Coast Legal Servs.*, 582 F. Supp. 2d 82 (D. Mass. 2008); and *Flamm v. Sarner & Assocs.*, P.C., 2002U.S. Dist. LEXIS 22255 (E.D. Penn. 2002).

40. Defendants United and Palmer were not serving or attempting to serve "legal process" but rather were engaged in the act of filing a false affidavit of service and providing false testimony to a court to force collection of the consumer debt against

Plaintiff.

41. Section 1692e of the FDCPA states in relevant part that a debt collector, "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and 1692e(13) prohibits the "false representation or implication that documents are legal process."

42. Defendants Blatt and United, through Palmer made false, deceptive and misleading representations in connection with the collection of a debt by means of the false Affidavit of Service document executed in or around May, 2011.

43. Palmer affirmed in the May, 2011 Affidavit of Service that he served Plaintiff via substitute service, this statement was false.

44. Section 1692e(2) of the FDCPA also proscribes the false representation of the character, amount, or legal status of any debt", and Section 1692e(10) further proscribes "the use of any false representation or deceptive means to collect or attempt to collect any debt…".

45. Defendant Blatt misrepresented both the amount and legal status of the alleged debt, and used false representations to collect the allege debt, when it presented and filed with the Court a false affidavit for wage deduction.

46. Section 1692f of the FDCPA states in relevant part that a debt collector, may not "use unfair or unconscionable means to collect or attempt to collect any debt."

47. Defendants Blatt and United's act, through Palmer, of filing a false return of service represented an unfair and unconscionable means to collect or attempt to collect any debt.

48.     Defendant Blatt used unfair means in connection with the collection of a debt by means of the false affidavit for wage deduction it executed in or around June, 2010.

49.     Plaintiff was damaged as a direct and proximate result of Defendants' conduct in that she incurred costs and attorney's fees and suffered inter alia, emotional distress, embarrassment, aggravation, restlessness, depression and inconvenience. (Exhibit F, Affidavit).

WHEREFORE, Plaintiff, Terry L. Pochert, asks that the Court enter judgment in her favor and against Defendants, Blatt, United, and Palmer, as follows:

 (A) The maximum amount of damages provided under

the FDCPA, 15 U.S.C. § 1692(k);

(B) Declaratory relief;

(C) Reasonable attorney's fees and costs; and

(D) Any other relief that this Court deems appropriate

and just under the circumstances.

## COUNT II-ABUSE OF PROCESS--DEFENDANTS DEFENDANTS BLATT, UNITED and PALMER

50.     Plaintiff realleges and incorporates paragraphs 1-49 into this Count.

51.     Defendants used legal process that was not proper in the regular prosecution of the proceedings -- namely using a false return of service and false wage deduction summons in court with existence of an ulterior purpose or wrongful motive -- namely to enforce collection of a debt without proper notice and due process.

52.     Defendants' abuse of process caused damages to Plaintiff including incurring costs and attorney's fees, and suffering emotional distress, embarrassment,

aggravation, restlessness, depression and inconvenience. (Exhibit F, Affidavit).

WHEREFORE, Plaintiff, asks that the Court enter judgment in her favor and against Defendants, Blatt, United, and Palmer, as follows:

(A) Actual damages;

(B) Punitive Damages;

(C) Any other relief that this Court deems appropriate

and just under the circumstances.

### COUNT III-VIOLATION OF ILLINOIS CONSUMER FRAUD ACT-DEFENDANTS UNITED and PALMER

53. Plaintiff realleges and incorporates paragraphs 1-52 into this Count.

54. 815 ILCS 505/1 et. seq, prohibits unfair and deceptive practices committed in the course of trade and commerce in Illinois.

55. Defendants United and Palmer engaged in the course of trade and commerce when they provided the false return of service against Plaintiff.

56. Defendants United and Palmer are engaged in the distribution of services that directly and indirectly affect the people of Illinois, namely services related to serving process.

57. Defendants United and Palmer committed a deceptive act or practice when they provided the false return of service that made the false statement that Plaintiff was served on April 11, 2010.

58. Defendant Palmer committed a deceptive act or practice when he falsely testified in an Affidavit of Service that he served Plaintiff via substitute service.

59. Palmer never served Plaintiff.

60. Defendant Palmer intended that Plaintiff would rely on the deception, and intended that Plaintiff would be led to believe that since the wage garnishment order was entered, that Citibank had a right to garnish her wages.

61. Plaintiff suffered actual damages as a proximate result of Defendant's conduct in that she incurred attorney's fees and suffered emotional distress, embarrassment, aggravation, restlessness, depression and inconvenience. (Exhibit F, Affidavit).

62. Defendants' conduct also constituted an unfair practice.

63. Defendants' conduct offends public policy.

64. Defendants' practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by the Constitution, statute and the common law.

65. Defendants' act of providing a false affidavit of service offends the public policy of the constitutional guarantee of the due process right to notice and an opportunity to be heard.

66. Defendants' act of providing false testimony offends public policy as established by § 720 ILCS 5/32-2 Perjury statute.

67. Defendants' act of providing testimony is immoral under long standing proscription against bearing false witness as embodied by the Ninth Commandment.

68. Defendants' act of providing false witness is unethical act by person who is an Illinois licensed private detective.

69. Defendants' act of sewer service is oppressive, unscrupulous and causes substantial injury to consumers.

70. Sewer service has long been recognized as harmful unlawful practice. See *Scarver v. Allen*, 457 F.2d 308, fn. 1 (7th Cir. 1972); *United States v. City of Philadelphia*, 644 F.2d 187 (3rd Cir. 1981); *Blouin v. Dembitz*, 489 F.2d 488 (2nd Cir. 1973); See *United States v. Wiseman*, 445 F.2d 792, 796 (2nd Cir.), cert. denied, 404 U.S. 967, 30 L. Ed. 2d 287, 92 S. Ct. 346 (1971); *United States v. Brand Jewelers, Inc.*, 318 F. Supp.1293 (S.D. N.Y. 1970).

71. Plaintiff suffered actual damages as a proximate result of Defendant's unfair practice in that she incurred costs and attorney's fees and suffered emotional distress, embarrassment, aggravation, restlessness, depression and inconvenience. (Exhibit F, Affidavit).

WHEREFORE, Plaintiff, asks that the Court enter judgment in her favor and against Defendants, United and Palmer, as follows:

(A) Actual damages;

(B) Punitive Damages;

(C) Equitable relief, including disgorgement;

(D) Reasonable attorney's fees and costs; and

(E) Any other relief that this Court deems appropriate

and just under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury.

                                        By: /s/ Mario Kris Kasalo
                                               Mario Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
**"A Consumer Protection Law Firm"**
111 East Wacker Drive, Suite 555
Chicago, Illinois 60601
tele 773.847.2600
fax 773.847.0330
mario.kasalo@kasalolaw.com