IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY L. POCHERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 11 C 2440 |
| v. | ) | |
| | ) | Suzanne B. Conlon, Judge |
| BLATT, HASENMILLER, | ) | |
| LEIBSKER& MOORE, | ) | |
| LLC and UNITED PROCESSING, Inc. | ) | |
| and CRAIG PALMER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Terry Pochert sues defendants for abuse of process and violations of the Fair Debt Collection

Practices Act and Illinois Consumer Fraud Act.  Defendant Blatt, Hasenmiller, Leibsker & Moore,

LLC ("BHLM") moves to reassign and consolidate *Pochert et al. v. Blatt Hasenmiller, Leibsker &*

*Moore LLC et al.,* No. 11 C 3395 (Norgle, J.) with this case.  Pochert opposes the motion.  For the

reasons set forth below, the motion is granted.

### I.  BACKGROUND

On April 11, 2011, Terry Pochert sued BHLM, United Processing, Inc. ("United") and United

process server Craig Palmer, alleging abuse of process and violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud Act, 815 ILCS

505/1 *et seq.*  The case (hereafter "Pochert 1") was assigned to this court.  On May 19, 2011, Pochert

and her husband Wayne Pochert filed a second lawsuit, bringing identical causes of action against

BHLM, United, and United process server Randy Mucha.  The second case ("Pochert 2") was

1

assigned to another judge of this court.

Both cases arise out of BHLM's efforts to collect on Pochert's credit card debt. In 2009, Pochert failed to pay debts owed on a Citibank credit card. The following year, she failed to pay debts owed on a Target National Bank credit card. Pochert 1 arises out of BHLM's attempt to collect on the Citibank debt, and Pochert 2 arises out of BHLM's attempt to collect on the Target debt. Pochert's banks enlisted BHLM, a debt collection law firm, to collect on both debts. BHLM brought two separate state court actions to recover each debt, hiring defendant United to serve Pochert with process in both cases.

United employee Craig Palmer was responsible for serving Pochert with process in connection with the Citibank debt. United employee Randy Mucha was responsible for serving Pochert with process in connection with the Target debt. Pochert claims service in each state case was defective, depriving her of her due process right to proper notice of the lawsuits. Dkt. No. 1 ¶ 21; No. 11 C 3395, Dkt. 1 ¶ 26 (Norgle, J.). According to Pochert, Palmer and Mucha filed false affidavits of service. Palmer's affidavit asserts he made substitute service by leaving a copy of the summons and complaint with Kim Williams, a member of Pochert's household, and mailing a copy to Pochert's usual abode at 144 Hidden Pond Circle, Aurora, IL 60504. Dkt. No. 1, Ex. B. Pochert denies Kim Williams was a member of her household and denies residing at Hidden Pond Circle. Mucha's affidavit states he served process on Wayne Pochert at 1129 69th ST., Darien, IL 60561. No. 11 C 3395, Dkt. 1, Ex. B. (Norgle J.). Pochert denies Wayne Pochert was served with process and further denies he was present at the house at the time process was allegedly served.

A default judgment was entered against Pochert in both state cases after she failed to appear, and her wages were garnished in connection with each default judgment. Pochert claims she was

2

unaware of either state case until her wages were garnished as a result of the defective service. Counsel for Pochert subsequently contacted BHLM, refuting that substitute service was made in connection with either debt and demanding BHLM move to vacate both judgments. BHLM moved to vacate the default judgments (*see, e.g.,* Dkt. 1, Ex. E), and both judgments were vacated on December 2, 2010. Pochert filed the federal cases the following spring.

## II. ANALYSIS

### A. Reassignment of Pochert 2 under Local Rule 40.4

Reassignment of a case under Local Rule 40.4 lies within the discretion of the court. *Palomares v. Second Fed. Sav. and Loan Ass'n of Chicago*, No. 10 C 6124, 2010 WL 4672295, at *2 (N.D. Ill. Nov. 9, 2010) (Coleman, J.); *Clark v. Ins. Car Rentals, Inc.*, 42 F. Supp. 2d 846, 847 (N.D. Ill. 1999) (Alesia, J.). Reassignment is appropriate if Pochert 1 and 2 are "related" and the requirements set forth by Local Rule 40.4 are satisfied. *Taylor-Holmes v. Office of the Cook County Pub. Guardian,* 503 F.3d 607, 609 (7th Cir. 2007). Under Local Rule 40.4(a), cases are related if they involve one of the following conditions: the same property; similar issues of fact or law; or the same transaction or occurrence. *Davis v. Quebecor World*, No. 01 C 8014, 2002 WL 27660, at *3 (N.D. Ill. Jan. 10, 2002) (Conlon, J.). Once relatedness has been established, Pochert 2 may be reassigned if the following criteria are met: (1) both cases are pending in this court; (2) reassignment will result in judicial economy; (3) reassignment will not cause a substantial delay; and (4) it is possible to dispose of both in a single proceeding. *Id*; L.R. 40.4(b).

The requirements of Local Rule 40.4(a) are satisfied because Pochert 1 and 2 involve similar questions of law and fact and each case arises out of BHLM's effort to collect debt from Pochert. The causes of action in each complaint are identical, as is the language in the majority of numbered

paragraphs. Common questions of law that must be resolved include: (a) whether United and its employees qualify as debt collectors within the meaning of § 1692(b)(6)(D) of the FDCPA; (b) whether filing a false return of service is an "unfair or unconscionable means to collect debt" within the meaning of the FDCPA; (c) whether BHLM can be vicariously liable for unlawful acts of United and its process servers; and (d) whether Pochert meets the definition of a "consumer" under the Illinois Consumer Fraud Act and has standing to bring a cause of action under this statute. This is sufficient to satisfy Local Rule 40.4(a). *See, e.g., Murry v. Am.'s Mortgage Banc, Inc.,* No. 03 C 5811, 2004 WL 407010, at *2 (N.D. Ill. Mar. 1, 2004) (Guzman, J.) (relatedness established under Rule 40.4(a) where both disputes involved a determination of legality of the same defendants' actions under the same statutes and regulations).

Moreover, both cases arise out of the same alleged misconduct of United employees and are likely to involve overlapping discovery. Pochert argues the factual relatedness of the two cases is minimal because they involve different process servers who served process on different individuals at different times and locations. But Pochert does not merely seek to hold each individual process server liable. In both cases, Pochert alleges more systematic misconduct on the part of United, claiming United executed false affidavits in "numerous instances" and further claiming BHLM was aware of this misconduct when it hired United to serve process. Dkt. No. 1 ¶ 33; No. 11 C 3395, Dkt. 1 ¶ 38. The discovery needed to substantiate these claims and the documentary evidence and witnesses needed to refute these claims are likely to overlap substantially. By contrast, Pochert only identifies two additional witnesses who might need to be called if Pochert 2 is consolidated with this case: Randy Mucha and Wayne Pochert.

The requirements for reassignment under Local Rule 40.4(b) are also met. Both cases are

4

pending in the Northern District of Illinois. There is no danger of substantial delay as the cases were filed around the same time and are both at the early stages of litigation. *Palomares*, 2010 WL 4672295, at \*3. Under this court's scheduling order, discovery does not end until December 15, 2011. Dkt. No. 26. All defendants had not answered the complaint until September 2, 2011. *See* Dkt. No. 45. In Pochert 2, only two of the three defendants have answered the complaint and Judge Norgle has not yet entered a scheduling order. Because common legal issues must be resolved and discovery is likely to overlap, substantial savings in judicial time and effort will be gained and wasteful duplication will be avoided by having one judge handle both cases. Reassignment will result in the disposition of both cases in a single consistent proceeding. *See, e.g., Anderson v. Cornejo*, 199 F.R.D. 228, 262 (N.D. Ill. 2000) (Hart, J.) (finding resolution in a single proceeding particularly appropriate where it allows one judge to decide pertinent legal issues and allegations against supervisory defendants involve common issues of fact even if some additional facts would need to be determined as to individual parties).

## B. Consolidation under Federal Rule of Civil Procedure 42(a)

A district court may consolidate actions involving common question of law or fact pursuant to Federal Rule of Civil Procedure 42(a). *Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). When there is no undue prejudice to any party, consolidation should be allowed if it will promote judicial efficiency and there is a risk of inconsistent rulings. *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at \*1 (N.D. Ill. Feb. 15, 2011) (Leinenweber, J.). The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap. *See, e.g., Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("[by far the best means of avoiding

5

wasteful overlap when related suits are pending in the same court is to be consolidated all before a single judge").

Consolidation will promote judicial efficiency because common question of law and fact predominate and the cases involve identical claims and substantially overlapping parties. The possibility of inconsistent rulings also counsels for consolidation. *Pactiv Corp.*, 2011 WL 686813, at *2. As described above, Pochert 1 and 2 require interpretation of the same statutes and are likely to involve similar discovery with respect to the supervisory defendants. Pochert fails to identify any prejudice counseling against consolidation, and the court finds none.

### III. CONCLUSION

For the foregoing reasons, BHLM's motion for reassignment and consolidation is granted.

ENTER:

September 9, 2011

Suzanne B. Conlon
United States District Judge